NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
SIMON F. KUNG
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6265 / Fax: 702.388.6418
simon.kung@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00212-GMN-BMW |
| Plaintiff, | |
| v. | **Stipulation for Protective Order** |
| MARIA MAGDALENA MENDOZA, | |
| Defendant. | |

It is stipulated and agreed between the parties, Nicholas A. Trutanich, United States Attorney for the District of Nevada, Simon F. Kung, Assistant United States Attorney, and Defendant Maria Magdalena Mendoza, and her counsel, Assistant Federal Public Defender Kathryn C. Newman, that this Court issue an Order protecting from disclosure to unauthorized parties any discovery documents containing personally-identifying information ("PII"), such as the Social Security numbers, driver's license numbers, dates of birth, or addresses, of participants, witnesses and victims in this case. Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

1.  The charges in this case are based in part on allegations that the defendant unlawfully accessed, obtained, and used the PII of a number of individuals. The discovery in this case consists of tens of thousands of pages of content in total and contains a

large amount of PII. Sufficiently redacting the PII of victims would be prohibitively time-consuming and would prevent the United States from making discovery available timely to the defense.

2. The United States agrees to provide the entirety of the Protected Documents to defense counsel without redacting the personal identifiers of participants, witnesses, and victims, or any other PII contained therein.

3. Defense counsel agrees to review the Protected Documents and determine which are potentially relevant to the defense in this case. Defense counsel further agrees that copies of the Protected Documents will not be provided to the defendant absent further order of this Court, although the defendant may review them in defense counsel's presence and under defense counsel's supervision.

4. Depending on the volume of Protected Documents which are determined to be relevant, the parties will then: 1) provide the defendant with a volume of segregated documents which do not contain PII, 2) the government will redact any PII before providing the documents if they are not segregated, up to 1,000 pages of documents; if Defense counsel intends to designate more than 1,000 pages of documents as relevant, the parties shall meet and confer to narrow the scope of relevant documents. If the parties are unable to reach a resolution the parties shall come back before the Court seeking a protective order to preclude the defendant's unauthorized use, copying, or disclosure of the non-redacted Protected Documents prior to providing them. No later than 30 days before trial, the government shall make a good-faith effort to identify an initial set of documents that it intends to use during its case-in-chief. Defense counsel may designate the identified documents for redaction pursuant to this Protective Order. This paragraph shall have no bearing on the admissibility of exhibits at trial.

5. Access to Protected Documents will be restricted to persons authorized herein by the Court ("authorized persons"), namely, the attorney(s) of record and those attorneys' paralegals, support staff, investigators, experts, IT staff, contractors, vendors, and copy centers employed by the attorney(s) of record.

6. The following restrictions will be placed on defendant's attorney(s) and the above-designated individuals unless and until further ordered by the Court. The above-designated individuals shall:

    a. Not make copies of the Protected Documents for, or knowingly allow copies of any kind of the Protected Documents be made for, any person that is not an authorized person, and take reasonable steps to protect against allowing copies of any kind of the Protected Documents to be made for any person that is not an authorized person;

    b. Not knowingly allow any other person to read the Protected Documents and take reasonable steps to prevent any person that is not an authorized person from reading the Protected Documents; and,

    c. Not use the Protected Documents for any other purpose other than preparing to defend against the charges in the above-captioned case.

7. Defendant's attorney(s) shall inform any person to whom they disclose the Protected Documents, or to whom they know the defendant has disclosed the Protected Documents, of the existence and terms of this Court's order. Further, the defendant's attorney(s) shall take reasonable measures to inform any person to whom disclosure may be made pursuant to this Court's order of the existence and terms of this order.

8. The restrictions shall not restrict the use of the Protected Documents during the trial or during other judicial proceedings in this matter.

9. By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, defense counsel shall direct all other authorized persons, or others defense counsel has reason to believe have obtained copies of the documents, to return copies of Protected Documents to defense counsel's office.

10. At the conclusion of this action, defense counsel shall return to government counsel or destroy all copies of Protected Documents in defense counsel's possession, including any copies of the Protected Documents previously in the possession of all authorized persons and returned to defense counsel. This action will be deemed concluded after the completion of the final appeal in this matter, or if no appeal was filed, then at the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review.

Respectfully submitted,

| For the United States: | For the Defense: |
|---|---|
| NICHOLAS A. TRUTANICH<br>United States Attorney | RENE L. VALLADARES<br>Federal Public Defender |
| /s/ | /s/ |
| SIMON F. KUNG<br>Assistant United States Attorney | Kathryn C. Newman<br>Assistant Federal Public Defender<br>Attorney for MARIA MENDOZA |

**IT IS ORDERED that ECF No. 20 is GRANTED.**

**IT IS FURTHER ORDERED that ECF No. 15 is DENIED as moot.**

**IT IS FURTHER ORDERED that the hearing set for 10/9/2020 is VACATED.**

IT IS SO ORDERED

DATED: 11:56 am, October 08, 2020

**BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE**

4