**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

United States of America,

    Plaintiff,

  v.

Maria Magdalena Mendoza,

    Defendant.

Case No. 2:20-cr-00212-GMN-BNW

**ORDER**

Before the Court is Defendant Mendoza's motion to suppress. ECF No. 44. The government opposed the motion (ECF No. 49), and Mendoza replied (ECF No. 50). The Court held a hearing on January 26, 2022. ECF No. 52.

Having reviewed the parties' briefs, the search warrants at issue, the parties' oral arguments, and the law, the Court requires additional information from the parties to decide the motion.

Mendoza seeks to suppress all evidence obtained from the execution of two search warrants. She makes two arguments regarding why her motion to suppress should be granted. Mendoza argues that the warrants lacked particularity as to what items could be seized and that the warrants were overbroad. The government opposes Mendoza's motion, arguing that the warrants were sufficiently particular and not overbroad. The government also argues that the warrants should be upheld under the good faith exception, as officers relied on them in good faith.

Before the Court can analyze the particularity or breadth of a warrant, however, the Court must first determine what documents make up "the warrant." More specifically, the Court must address whether other documents, such as an affidavit or attachments, are a part of "the warrant." *United States v. Towne*, 997 F.2d 537, 544 (9th Cir. 1993) ("Only after the content of 'the search warrant' is established . . . can the warrant be tested to see if it meets [the Fourth Amendment's particularity and breadth] requirements.").

1    For another document to be considered part of a "warrant," it must be (1) incorporated by

2    reference to the search warrant and (2) accompany the search warrant both when it is authorized

3    by the judge and when the search warrant is executed. *See id.* at 547-48. In other words, there are

4    two distinct requirements for documents to be considered part of a search warrant: (1) the

5    documents must be incorporated by reference to the search warrant; and (2) the documents must

6    accompany the search warrant both when it is authorized by the judge and when the search is

7    executed.

8    Here, while the parties stated at the hearing that no facts are in dispute, their briefs and

9    oral arguments suggest otherwise. Specifically, the parties appear to dispute what documents

10   constitute "the warrant," including by disputing which documents accompanied officers while

11   they executed the searches. In Mendoza's opening brief, she writes that the "government could

12   have narrowed most of the descriptions in the warrant . . . by *describing the criminal activities*

13   themselves." ECF No. 44 at 8. As Agent Pruett's affidavit described the criminal activities, this

14   clearly suggests that Mendoza does not believe the affidavit was part of the warrant. In the

15   government's response, it makes clear that it believes Agent Pruett's affidavit is part of the

16   warrant. *See* ECF No. 49. The government references the "cure by affidavit" rule and then notes

17   that the affidavit was attached to the warrant, as evidenced by its pagination and the fact that

18   Agent Pruett attested to the government that the agents had an entire copy of the warrant (*i.e.,* the

19   affidavit and all attachments) when executing the search warrant. *Id.* at 14. In reply, Mendoza

20   notes that the "executing officers in this case could not have assumed that a search warrant

21   without the accompanying affidavit was valid." *See* ECF No. 50 at 6. Again, this indicates that

22   Mendoza does not believe the affidavit was part of the warrant or that it accompanied officers

23   when they executed the searches.

24   Notwithstanding these diametrically opposed postures, the government represented during

25   the hearing that the parties agreed that no facts were in dispute. *See* ECF No. 52. The defense did

26   not contest this representation.

27   Still, it appears that there is a key fact in dispute, namely, what documents constitute the

28   search warrants and which documents (if any) officers possessed at the time of execution. To

1  clarify this issue, the Court will hold a hearing. The parties are permitted to offer evidence, if they

2  so choose. The Court also expects the parties to be prepared to argue, specifically, which

3  documents (i.e., the warrants, the affidavit, and/or attachments) make up the search warrants

4  given controlling Ninth Circuit authority on this issue.

5        IT IS THEREOFRE ORDERED that this matter is set for hearing on May 2, 2022, at 9:30

6  a.m.

7

8        DATED: March 25, 2022

9

10  BRENDA WEKSLER
      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28