1
2
3
4                  **UNITED STATES DISTRICT COURT**
5                       **DISTRICT OF NEVADA**
6                              * * *
7   UNITED STATES OF AMERICA,              Case No. 2:20-cr-00212-RFB-BNW
8                   Plaintiff,                        **ORDER**
9         v.
10  MARIA MAGDALENA MENDOZA,
11                  Defendant.
12

13      Before the Court is Defendant Maria Magdalena Mendoza's *pro se* Motion for Sentence
14  Reduction (ECF No. 117). For the following reasons, the motion is denied.
15          On June 8, 2023, the Court imposed a sentence of 36 months of imprisonment on Ms.
16  Mendoza for two counts of aiding and assisting in the preparation and presentation of false
17  income tax returns. See ECF Nos. 113, 116; see also 26 U.S.C. 7206(2). The Court determined
18  that Ms. Mendoza had a total offense level of 19 and a criminal history category of IV, for a
19  guideline range of 46-57 months of incarceration. See ECF Nos. 108, 113. On November 13,
20  2023, Ms. Mendoza filed the instant *pro se* Motion for Sentence Reduction. ECF No. 117. On
21  November 30, 2023, the Federal Public Defender filed a notice of non-eligibility. ECF No. 120.
22  On March 7, 2024, the Court ordered the Federal Public Defender and the United States to
23  provide additional briefing. ECF Nos. 122, 23. On March 21, the Federal Public Defender filed a
24  supplemented notice of non-eligibility. ECF No. 34. On April 4, 2024, the United States filed
25  their Response. ECF no. 35. The Court's Order follows.
26      The final Presentencing Report furnished the following, relevant information concerning
27  the calculation of Ms. Mendoza's criminal history category.
28          ///

1. In 1992, Ms. Mendoza was convicted by a Texas court for a misdemeanor theft between $200 and $750 of value. Her exact sentence was unavailable.
2. In 1997, Ms. Mendoza was convicted by a Texas court for felony theft between $100,000 and $200,000. She pleaded guilty and received seven years of probation. Following a violation of probation, in 2003, she was sentenced to ten years of incarceration, suspended, and ten years of probation. In 2008, she was discharged from probation.
3. In 2000, Ms. Mendoza was convicted by a Nevada court for felony forgery. See Nev. Rev. Stat. § 205.090, 110.  She pleaded guilty and was sentenced to 12-48 months, suspended, and five years of probation. In 2002, her probation was revoked. In 2004, she was discharged from probation.
4. In 2001, Ms. Mendoza was convicted in federal court for felony importation of marijuana. See 21 U.S.C. § 952, 960. She was sentenced to 15 months in prison followed by 3 years of supervised release. In 2006, her supervised release expired.
5. In 2005, Ms. Mendoza was issued a citation for speeding.
6. In 2007, Ms. Mendoza was convicted by a Nevada court for felony Conspiracy to Violate the Uniform Controlled Substances Act. See Nev. Rev. Stat. § 453.401. She pleaded guilty and was sentenced to 12 to 30 months of incarceration, suspended, and two years of probation. In 2010, she was discharged from probation.
7. In 2008, Ms. Mendoza was issued a citation for speeding.
8. In 2010, Ms. Mendoza was issued a citation for illegal parking.
9. In 2011, Ms. Mendoza was issued a citation for speeding.
10. In 2011, Ms. Mendoza was issued citations for speeding and non-insurance.
11. In 2016, Ms. Mendoza was issued a citation for operating an unregistered vehicle and non-insurance.
12. In 2021, Ms. Mendoza was convicted of domestic battery. She pleaded *nolo contendere* and was sentenced to 90 days in jail, suspended. In July 2022, the case was dismissed.

The United States Sentencing Guidelines impose 3 criminal history points for a prior sentence of over a year, 2 points for at least 60 days, and 1 point for all other sentences. See U.S.S.G. § 4A1.1. The guidelines also exclude some of Ms. Mendoza's prior convictions from this calculation. Her cases older than fifteen years (Nos. 1-2) are excluded by U.S.S.G. § 4A1.2(e)(3). Her traffic citations (Nos. 5, 7, 8, 9, 10, 11) are excluded by U.S.S.G. § 4A1.2(c)(2). The result is that her 2000 conviction was 3 points, her 2001 conviction was 3 points, her 2007 conviction was 1 point, and her 2021 conviction was 1 point. This total of 8 criminal history points was not further modified by the guidelines. The guidelines provide that 7-9 criminal history points result in a criminal history category of IV. See U.S.S.G. § 5A.

- 2 -

Based on a total offense level of 22 and a criminal history category of IV, the guideline range was 63-78 months of incarceration. See id. (providing the sentencing table). At the sentencing hearing, the Court further reduced the offense level to a 19. This resulted in a final guideline range of 46-57 months of incarceration. See id. The Court imposed a sentence of 36 months of incarceration with one year of supervised release to follow. ECF No. 116.

With that understanding, the Court now turns to the merits of Ms. Mendoza's motion. She argues she is eligible for resentencing following Amendment 821 to the guidelines. Courts may modify a term of imprisonment, once imposed, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered[.]" 18 U.S.C. § 3582(c)(2). However, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Amendment 821 of the guidelines retroactively reduced sentences in two relevant ways. First, U.S.S.G. § 4C1.1 was created, which provides a two-point reduction of the offense level for certain people without any criminal history points (known as "zero-point offenders"). Second, U.S.S.G. § 4A1.1 was amended the calculation of criminal history points when the underlying offense was committed while under another sentence (known as "status points"). Individuals with six prior status points now receive no additional criminal history points and those with seven or more receive a single criminal history point enhancement. As the discussion above shows, Ms. Mendoza received no enhancements for status points nor was she a zero-point offender. Further, even if Ms. Mendoza could reduce her criminal history points by 2 to fall into Category III, that would produce a sentencing range of 37-46 months, which remains greater than her current sentence. See U.S.S.G. § 5A.

In sum, the Court finds that Ms. Mendoza was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. Therefore, she does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

For the foregoing reasons, **IT IS ORDERED** that Defendant Maria Magdalena Mendoza's *pro se* Motion for Sentence Reduction (ECF No. 117) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court will provide Defendant a physical courtesy copy of this Order by first-class United States postage.

**DATED:** December 17, 2024.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**